# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| S.M.O. on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Mayo Clinic; and MMSI, Inc., doing business as Medical Health Plan Solutions,<br><br>Defendant. | Case No. 24-cv-1124 (JMB/JFD)<br><br>**ORDER** |

Plaintiff S.M.O. initiated this lawsuit by filing a Complaint (Dkt. No. 1) on April 2, 2024. The Complaint was filed using a pseudonym. Federal Rule of Civil Procedure 10(a) requires every pleading to have a caption that names all parties. Plaintiff did not seek the Court's permission to proceed under a pseudonym.

Therefore, on April 4, 2024, the Court ordered S.M.O. to amend the complaint to name all parties or file a motion for leave to proceed under a pseudonym. (Dkt. No. 5.) S.M.O. chose to file a Motion for Leave to Proceed under a Pseudonym. (Dkt. No. 6.) In the memorandum filed in support of that motion (Dkt. No. 7), S.M.O. states that the case involves personal information regarding the mental health of S.M.O.'s child that may harm S.M.O. and S.M.O.'s child due to the stigma around mental health. S.M.O. is an adult and an employee of Mayo Clinic.

1

"Federal courts disfavor the use of fictitious names in legal proceedings." *Cajune v. Indep. Sch. Dist. 194*, No. 23-3115, 2024 WL 3169925, at *3 (8th Cir. June 26, 2024) (citing *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The public has a constitutional right to open access to judicial proceedings. *Id.* "[A] party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id.* The Eighth Circuit has identified several factors favoring anonymity: "(1) the party seeking anonymity was challenging government activity; (2) identification threatened to reveal information of a sensitive and highly personal nature; and (3) a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* A possible fourth factor is the danger of retaliation. *Id.* The court further identified a non-exhaustive list of factors weighing against anonymity including whether anonymity would unfairly situate the defendant, whether the public's interest would be prejudiced by party anonymity, and whether alternate methods could adequately protect the confidentiality of the parties. *Id.*

S.M.O. contends that the "subject matter of this lawsuit involves information of the utmost intimacy." (Pl.'s Mem. Supp. at 2, Dkt. No. 7.) Therefore, only the second exceptional category is relevant: "identification threaten[ing] to reveal information of a sensitive and highly personal nature." *Cajune*, 2024 WL 3169925, at *3. In the course of finding mental health treatment for S.M.O.'s child, S.M.O. alleges they encountered a problem with their medical insurance, which led to this lawsuit. However, this case does not seem to demand the public disclosure of exceptionally personal information about that

treatment. Plaintiff's claims sound in the Racketeer Influenced and Corrupt Organizations Act and the Employee Retirement Income Security Act of 1974. (*See generally* Compl.) "[T]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Blue Cross*, 112 F.3d at 872.

One of the factors weighing against anonymity set out in *Cajune* is "whether there exist alternative mechanisms that could protect the confidentiality of the litigants." 2024 WL 3169925, at *3. Alternative mechanisms exist here. If S.M.O's child's mental health information is ultimately necessary for the proceedings, the documents containing those details can be filed under seal in order to protect the child's confidentiality. *See, e.g.*, *Blue Cross*, 112 F.3d at 872.

Further, the threat of an injury seems to the Court to be relatively low. In *Cajune*, the Court found that a "general reference" to a potential injury was insufficient to warrant the use of a pseudonym. 2024 WL 3169925, at *4. S.M.O. argues that the child might suffer embarrassment or a mental health decline due to the stigma surrounding mental health if the motion is denied. (Pl.'s Mem. at 4.) While this is somewhat compelling, there is no showing that S.M.O. or the child would face public scrutiny in actuality. S.M.O. did not describe any previous incidents that resulted in an injury from embarrassment or stigma due to the child's mental health. Without more, "reasons [that] are purely conjectural, hypothetical, and abstract . . . [are] insufficient to outweigh the public's interest in open trials." *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998.) Moreover,

concealing a mental illness when unnecessary "propagate[s] the view that mental illness is shameful." *Blue Cross*, 112 F.3d at 872.

S.M.O. contends that the minor status of the child at the time of the incident warrants the use of a pseudonym. It is true that courts recognize the particular vulnerability of children. *E.g.*, *Blue Cross*, 112 F.3d at 872. However, the child is no longer a minor (*see* Pl.'s Mem. Supp. at 1 n.1), and the alleged injury that would result from the denial of this motion would therefore occur in the present, to a person who is now an adult.

Although it is relevant that neither the Defendants nor the public would be prejudiced by the use of a pseudonym in this case, it is not enough. "A certain loss of privacy inheres in the process of a public lawsuit in federal court." *Luckett*, 21 F. Supp. 2d at 1030. This case presents no circumstances that justify "reducing the normal publicity of judicial proceedings." *Id.*

On balance, the Court finds that Plaintiff's interest in privacy is outweighed by the public interest in maintaining open courts. Therefore, the Court denies the motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Leave to Proceed under a Pseudonym (Dkt. No. 6) is **DENIED;**

2. Plaintiff shall file an amended complaint that complies with Federal Rule of Civil Procedure 10(a) within fourteen days of this Order.

Date:  July 10, 2024                              *s/ John F. Docherty*
                                                  JOHN F. DOCHERTY
                                                  United States Magistrate Judge